# TERRELL | MARSHALL
## LAW GROUP PLLC

Erika L. Nusser
enusser@terrellmarshall.com

File No. 2418-001.C

*Via CM-ECF*

The Honorable Nicholas G. Garaufis
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Thorne v. Square, Inc., et al.*, Case No. 20-cv-05119-NGG-RML
    <u>Response to Defendants' Request for Pre-Motion Conference on Motion to Compel Arbitration</u>

Your Honor:

  My firm is co-counsel to Plaintiffs in the above-referenced action. We write to provide Plaintiffs' position with respect to Defendants' request for a pre-motion conference on Defendants' Motion to Compel Arbitration.

**I. Background.**

  Plaintiffs allege their CashApp and Cash Card accounts were used in fraudulent scams to steal thousands from their accounts—a common occurrence for users of Defendants' CashApp and Cash Card accounts. *See* ECF 26 ¶¶ 1, 35, 44, 61, 85, 109 (Ms.Thorne was defrauded out of $3,000, Ms. Alonzo was defrauded out of more than $6,000, Ms. Clements was defrauded out of $1,300, and Mr. Lovett was defrauded out of $4,700). Plaintiffs further allege that when they reported the fraud, Defendants required them to provide specific information before Defendants would even investigate their claim, and then Defendants placed the burden on Plaintiffs to prove the transactions were unauthorized and summarily denied Plaintiffs' claims without providing any explanation or providing them with the documents reviewed during the investigation. *Id*. ¶¶ 5-8.

  Plaintiffs allege this uniform error resolution process violates the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*, and New York General Business Practice § 349. Plaintiffs bring these claims on behalf of a class of similarly situated individuals to recover statutory and actual damages, as well as treble damages for Defendants' willful violations of the law, and attorneys' fees and costs.

  Now Defendants seek to enforce one or more arbitration clauses that were not clearly and unambiguously disclosed to Plaintiffs.

**II. Defendants cannot establish Plaintiffs entered into agreement to arbitrate.**

The Supreme Court has said repeatedly that the "first principle that underscores all of our arbitration decisions" is that arbitration "is strictly a matter of consent." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010). Arbitration "is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration." *Id.*

Arbitration is a creature of contract. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986) ("arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration"). And because arbitration is a matter of contract between the parties, a judicial mandate to arbitrate must be predicated upon the parties' consent. *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1140–41 (9th Cir. 1991) (finding that before a party can be ordered to arbitrate, there should be an "express, unequivocal agreement to that effect.") (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980)); *see also In re Matter of the Arbitration Between Nuclear Electric Ins. Limited and Central Power and Light Co.*, 926 F.Supp. 428, 433-434 (S.D.N.Y. 1996) (citing *Three Valleys* favorably and citing cases in the Second Circuit). The party seeking to enforce an arbitration agreement bears the burden of showing that the agreement exists. *See Russell v. Mimeo, Inc.*, 2008 WL 6559743, *2 (S.D.N.Y. Oct. 29, 2008).

In deciding whether parties agreed to arbitrate, a court should generally apply state-law principles to the issue of contract formation." *Mehler v. Terminix Int'l Co.*, 205 F.3d 44, 48 (2d Cir. 2000); *see also Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987) ("State law, whether of legislative or judicial origin, is applicable [to the determination of whether the parties agreed to arbitrate] *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally."). Therefore, state law governs the question of whether the parties entered into an agreement to arbitrate in the first instance.

"Under general contract principles there can be no agreement unless the parties to the contract have mutual assent, or a meeting of the minds." *Id.* (quoting *Even Street Productions, Ltd. v. Shkat Arrow Hafer & Weber, LLP*, 2008 WL 2224297, *6 n.6 (S.D.N.Y. May 29, 2008)). Arbitration agreements are no exception to the requirement of manifestation of assent. *Specht v. Netscape Comm'cns Corp.*, 306 F.3d 17, 30 (2d Cir. 2002). "Clarity and conspicuousness of arbitration terms are important in securing informed assent." *Id.* Here, there is no valid agreement to arbitrate because there was no clarity and conspicuousness of arbitration terms and no meeting of the minds.

On the internet, including cell phone apps, the primary means of forming a contract are the so-called "clickwrap" (or "click-through") agreements, in which website users typically click an "I agree" box after being presented with a list of terms and conditions of use, and the "browsewrap" agreements, where website terms and conditions of use are posted on the website typically as a hyperlink at the bottom of the screen. *Register.com, Inc. v. Verio*, 356 F.3d 393, 403 (2d Cir. 2004); *see also Berman v. Freedom Fin. Net., LLC, et al.*, 2020 WL 5210912, *2 (N.D. Cal. Sept. 1, 2020). The central issue of concern in determining whether a consumer is bound by an alleged internet contract is whether the consumer has notice and access to the terms and conditions of the contract. *Id.* Plaintiffs did not.

Defendants' terms and conditions were not presented conspicuously. Instead, users can download and begin using Defendants' Cash App before ever agreeing to any terms and conditions. As such, there is no enforceable agreement between the parties.

In short, Defendants will not be able to establish the parties entered into an agreement to arbitrate.

Respectfully,

*/s/ Erika L. Nusser*
Erika L. Nusser

ELN:ts
cc: All counsel of record